# EXHIBIT 1

| | |
|---|---|
| **State of South Carolina** ) | **In the Court of Common Pleas** |
| ) | |
| **County of York** ) | **2015-CP-46-** 3150 |
| ) | |
| Linda H. Boan, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Complaint** |
| ) | |
| TJX Companies, Inc., d/b/a TJ Maxx, ) | **Jury Trial Demanded** |
| and Elliott Jamison, ) | |
| ) | |
| **Defendants.** ) | |



Plaintiff, through her attorney, would respectfully show unto this Court as follows:

1. Plaintiff is a resident of York County, South Carolina.

2. Defendant TJX Companies, Inc., d/b/a TJ Maxx (TJX), is a Delaware corporation licensed to do business in South Carolina and which owns and operates one or more retail stores in York County, South Carolina.

3. On information and belief, Defendant Elliott Jamison (Jamison) is a citizen and resident of Charlotte, North Carolina.

4. The events, acts and omissions giving rise to this lawsuit took place wholly or primarily at Defendant's retail store in Rock Hill, South Carolina.

5. At all relevant times, Plaintiff was employed by TJX as an Associate at Defendant's Rock Hill, SC, Store No. 854.

6. At all relevant times, Jamison was employed by TJX as a Coordinator at Defendant's Rock Hill, SC, Store No. 854.

1

7. For several years, including from 2012 and continuing through the present, Plaintiff has been subject to repeated unwelcome physical and verbal harassment by Jamison while both were working at Store No. 854.

8. Among the behaviors in which Jamison engaged, directed toward Plaintiff, were making sexual propositions and sexually explicit gestures, hugging and kissing her, grabbing her, physically restraining her, and making lewd and vulgar comments.

9. Jamison engaged in similar behavior toward other female employees of TJX.

10. Plaintiff and other female employees repeatedly reported Jamison's offensive behavior to members of TJX management.

11. TJX management took no reasonable steps to address Jamison's behavior or protect Plaintiff and other female employees in the workplace.

12. As a result of Jamison's verbal and physical abuse, Plaintiff experienced severe emotional distress, including feelings of anxiety, humiliation and fear.

13. This Court has jurisdiction over the claims raised herein and venue is appropriate in this Court.

14. Defendants' actions have been willful and in reckless disregard of the rights of Plaintiff.

15. Prior to commencing this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Plaintiff commences this action within 90 days of her receipt of a Notice of Right to Sue.

## Count I
## For A First Cause of Action
## Title VII of the Civil Rights Act of 1964, As Amended
## Discrimination On the Basis of Sex – Hostile Work Environment
### *TJX*

16. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

17. Jamison's verbal and physical harassment of Plaintiff was because of her sex, was unwelcome and was severe and pervasive.

18. Plaintiff reported Jamison's unlawful harassment to her supervisor and other members of TJX management on numerous occasions.

19. Jamison's conduct was also reported to members of TJX management by other female employees.

20. Despite having actual knowledge, TJX failed and refused to take action to discipline Jamison and protect Plaintiff from further harassment.

21. As a result of Jamison's harassment and TJX's indifference toward same, Plaintiff suffered severe emotional distress and interference with her ability to work.

22. By virtue of this continuing harassment, Defendants subjected Plaintiff to unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff seeks a trial by jury on her claim of unlawful discrimination and harassment, and entry of judgment and all other available legal and equitable relief, including actual damages to include back pay and front pay, compensation for lost benefits, compensatory damages, punitive damages, attorney

3

fees, costs, pre- and post-judgment interest.

## Count II
### For A Second Cause of Action
### Assault
### *Jamison*

23. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

24. Jamison placed Plaintiff in reasonable apprehension of an offensive touching without her consent.

25. Jamison engaged in such conduct intentionally or recklessly.

26. Plaintiff has suffered severe emotional distress as a result of such conduct.

WHEREFORE, Plaintiff requests a trial by jury on her assault claim and entry of judgment in an amount to be determined by the jury but which should include nominal or actual damages, compensatory damages, and punitive damages, as well as any other relief shown to be appropriate including, but not limited to, costs and interest.

## Count III
### For A Third Cause of Action
### Battery
### *Jamison*

27. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

28. Jamison engaged in offensive touching of Plaintiff, without consent.

29. Jamison engaged in such conduct with the specific intent to harm Plaintiff or with reckless indifference to the likelihood of such harm.

30. Plaintiff has suffered severe emotional distress as a result of such conduct.

WHEREFORE, Plaintiff requests a trial by jury on her battery claim and entry of judgment in an amount to be determined by the jury but which should include nominal or actual damages, compensatory damages, and punitive damages, as well as any other relief shown to be appropriate including, but not limited to, costs and interest.

### Count IV
### For A Second Cause of Action
### False Imprisonment
### *Jamison*

31. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

32. Jamison physically restrained Plaintiff, invaded her personal space, and prevented her from moving about freely.

33. Jamison's restraint of Plaintiff was both verbal and physical.

34. Jamison's restraint of Plaintiff was unlawful and without her consent.

35. Jamison engaged in such conduct intentionally or recklessly.

36. Plaintiff has suffered severe emotional distress as a result of such conduct.

WHEREFORE, Plaintiff requests a trial by jury on her assault claim and entry of judgment in an amount to be determined by the jury but which should include nominal or actual damages, compensatory damages, and punitive damages, as well as any other relief shown to be appropriate including, but not limited to, costs and interest.

Respectfully submitted this 14th day of October, 2015.

*[signature]*

Brian P. Murphy, Bar No. 6405
Jeffrey P. Dunlaevy, Bar No. 16978
Attorneys for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400
Fax:    (864) 240-9292

6